OPINION of the Court, by
Ch. J. Boyle.
— This.
was an action of detinue, broughtby Israel against Price, of Mansell, for sundry slaves,
The declaration alleges an illegal and tortious taking 0f the g]aves by the intestate, and a detention by him in ¡-jy defendant as administrator since his d.C3th*
Xhe defendant pleaded, first, non cletinet, upon which, issue was joined ; and secondly, that the cause of aetion did not accrue within five years next before the of the action.
The plaintiff replied that at the time the cause of ac-{'¡on accrued he was a resident and an inhabitant of. Maryland ⅝ that the intestate got the possession of the slaves in Maryland, and within thirty days thereafter removed himself and them to Kentucky, whereby the was prevented from bringing his action ; and., that he never was within the limits of Kentucky since. the cause of action accrued,
'p¡-ie c]efen(jant rejoined that at the time the cause oF . , , . ■ ■ , . , acti°n accrued his intestate was a citizen and resident of Fayette county and state of Kentucky, and that he never removed his place of residence after the cause of , 1 HCtlOtl SCCrUCQ*
Fo the rejoinder the plaintiff demurred, and the couri-sustarnecl the demurrer, The cause th®i came . . . , c , on for trial upon the general issue, and after the evi-deuce was gone through the defendant moved the couri *511 to instruct the jury, upon several points, which the court refused to do, and the defendant excepted. The jury found a verdict for the plaintiff, in which after finding the slaves and the value of each they assess for the plaintiff S 500 damages.
Rejoinder that when the caufe of adlion acctu* ed his inteftate was a citizen of Fayette county, isaninfufBcienC anfwer to the replication.
Detinue will lie to recover llaves obtained by the means of a fraudulent contrail.
A purchafer of a perfon who had thus acquired property, will be affefted only where the contrr<6l is void cb & not where the con-tradi c an be ren dered a nullity at the election-of the injured
The defendant moved for anew trial, but his motion was overruled, to which he excepted, spreading the whole evidence upon the record. A judgment was then entered upon the verdict, to which this writ of error is prosecuted.
The first point we shall consider is, whether the action was improperly brought against the defendant as administrator ?
That detinue will in some cases lie against an executor or administrator, there seems no room to doubt upon principle. As where goods are bailed to the testator or intestate upon a contract to redeliver them, or where he sells and agrees to deliver specific goods at a future day, and the goods come to the hands of the executor or administrator. In such a case the right on the.one side, and the obligation on the other, are founded upon contract, and the action is said to arise ex contractu, and will therefore properly lie against the executor or administrator, upon whom the testator or intestate’s obligations arising from contracts respecting the personalty devolve by operation of law.
Where there is no obligation arising from contract to deliver the goods, there may be more room to doubt the propriety of the action ; but even in such a case, where the goods are detained by the defendant as executor or administrator, there seems to be no substantial reason why he should not be sued in the character in which he detains them. It is only by suing him in his fiduciary or representative character, that the plaintiff in detinue could recover damages for the detention by the testator or intestate ; and if not sueable in that character, there would so far be a failure of justice : for those damages could be recovered in no other form of action. This is certainly a strong argument in favor of the propriety of the action upon principle ; but upon the 'score of authority the propriety of the action admits of no doubt: for it is settled where goods were taken away and remaingiil in.specie in the hands of the wrongdoer or his executor, that replevin or detinue would lie against the *512 executor to recover them — 1 Chitty 119⅛ — 1 Saund. ¡&lé a — Sir W» Jones 173-t.
We do not understand that these authorities or the principle upon which they are founded would prohibit a plaintiff from maintaining detinue against an executor or administrator in his individual character for goods claimed in right of the testator or intestate, if the action, be brought only for the detention of the executor or administrator. Subject to this restriction, we are inclined to think the action might be maintained in that form ; and so it was held bv this court in the case of Denny vs. Booker. 2 vol. 427.
The next point we shall consider is, whether the declaration is not defective in charging the intestate with having tortiously acquired the possession of the slaves ?
Whether detinue will lie whej-e the defendant turti-ously obtained the possession of the goods, is a question about which there is some contrariety of opinion. The weight of authority however seems to be in favor of the action ; but it is char that the detainer, and not the original taking, is the git of the action, and that the plaintiff can recover damages only for the detention, and not for the tort in taking. The declaration should not therefore allege a tortious taking. To do so is incompatible with the principles of the action, and the forms of declarations given in the books of practice shew that it is never done. Such an allegation is more especially inadmissible in an action of this sort against aft executor or administrator, who is not liable for the tort of his testator or intestate in any form of action. The objection in this case is too entitled to more weight, in as much as the damages are not assessed by the jury for the detention only, but are assessed generally ; and as fort is charged in the'declaration, it is impossible to saji that they have not been given in part for that as well as the detention.
On this ground, therefore, the judgment is erroneous and must be reversed. But as the writ is correct, the plaintiff will have a right to amend, and have new proceedings in the court below. It is therefore proper that we should decide such of the other points presented by the record as may probably again occur and be necessary for the final adjustment of the controversy.
*513 We will therefore proceed next to inquire whether &e demurrer to the defendant’s rejoinder ought to have been sustained ?
The plea ot the statute of limitations is Unquestionably good. To avoid it the replication assumes two grounds — 1st, That the defendant’s intestate got the possession of the slaves in Maryland and removed himself and them from thence to this state. 2d, That the plaintiff was a resident of Maryland when the cause of action accrued, and was never since within this state.
By adverting to the rejoinder it will be seen that it attempts to answer the first of these grounds, but gives no answer to the second. If each of the grounds assumed in the replication were good and sufficient to avoid the'plea, it might be questionable how far both should not have been answered. If the first were good, and the second not so, the rejoinder would be good if it were a sufficient answer to the first; but if the second be good and the first not, it is perfectly clear that the rejoinder is insufficient 5 and that the latter is the case, we have no doubt.
The first ground taken in the replication might prevent the plaintiff from bringing his action in Maryland} but it could have no tendency to prevent him from bringing it in this state ; and it is only where the defendant by his removal or other indirect means defeats of prevents the action from being brought in this state, that he is on that account precluded from availing himself of the statute of limitations : for it is only to actions brought in this state that the statute of this state can be pleaded as a bar ; and it is consequently only to such actions that the exceptions in the statute can be con* strued to relate. Besides, the defendant is not prohi-ted from pleading the statute on the ground of his removal,unless his removal be from the place where he resided when the cause of action accrued ; and it is not averred in the replication that the defendant’s intestate resided in Maryland when the cause of action accrued in this case. The first ground assumed in the replication is therefore insufficient to prevent the statute from running or to preclude the defendant from pleading it, and is consequently not material or traversable. But the second ground assumed we apprehend clearly brings the plaintiff within the exception which prevents the statuté *514 1 from running against á person without the country, We cannot suppose, as was contended in the argument, that the expression “ the country,” should be construed to mean the United States, and not this state. This state may certainly' with propriety be called a country^ and when the legislature used the expression u the country,” it is natural to suppose that they meant the country for which they were legislating. But the case of Graves vs. Graves, (2 vol. 207) is precisely in point, and settles the construction to be given to this expression. As the replication on this ground is sufficient to avoid the plea* and the rejoinder has not answered it, it follows that the demurrer was properly sustained.
The remaining points presented by the record grow out of the motions to instruct the jury and for a new trial.
It is not deemed necessary to enter into a detail of the evidence, nor is it material to notice all the points made on these motions. The main question is, whether if the defendant’s intestate obtained the possession of the slaves from the plaintiff through the means of a fraudulent contract, the latter can notwithstanding the contract maintain the action for the recovery of the slaves, upon proof of the fraud
The contract in this case is denied on the one side, and the fraud on the other, and it belongs exclusively to the jury to determine whether they exist or not. But as the question now proposed to be considered was made in the court below upon the hypothesis of the existence of these facts, we shall examine it in the same way.
There is no doubt that a contract may be avoided on the ground of fraud. Nor does it admit of a question that courts of equity and courts of law have a concurrent jurisdiction to suppress and relieve against fraud. The interposition of the former is said to be often necessary for the better investigating of truth, and to give more complete redress. But where the fraud can be reached, and the redress sought for obtained according to the forms of proceeding at common law, a court of law will give relief as well as a court of equity. This will be done either by giving damages for the wrong, or restoring that which the party injured has parted with, according to the nature of the case and the remedy that is sought: for the person imposed upon has hi» *515 election either to affirm the contract and go for a,compensation for the injury, or to avoid the contract and reclaim that which he has paid or delivered. Where he elects the latter alternative, he ought, if he has received any thing of value upon the contract, to return it, or at least offer to do so, before he can in justice obtain a restoration of that with which he has parted. This is an inflexible rule of equity ; and courts of law and of equity, where they have concurrent jurisdiction, are and ought to be governed by the same rules. But the rule is in itself intrinsically correct- It is founded upon the immutable basis of reason and reciprocity, and were it disregarded in cases of this kind, injustice must ip many instances he the inevitable result.
How far the title of a purchaser from a person who had acquired property by means of a fraudulent contract is affected by the fraud, is a question that cannot occur in this case, but may in the other cases now before the court in which the plaintiff in this case has sued the purchasers from the defendant’s intestate ; and as the causes have been all argued together, it is thought to be ns proper to notice the point here, as to examine it in either of those cases, and it is more convenient to do so.
The argument against the title of the purchaser in such a case assumes for its basis the position that no fight passes by the contract. If the contract ought to be regarded as a mere nullity and void ab initio, this position is no doubt correct ; but there aré certainly strong reasons against regarding it in that light. If it were a mere nullity, the injured party could not by his election affirm it and go for damages. He could not by liis subsequent assent, when fully apprised of the fraud- and of his rights, ratify it; and the party who had prac-tised the fraud in procuring such a contract, would not be bound by it; and yet the contrary of these doctrines are generally, if not universally admitted to be correct. If then the contract is not ab initio void ; if it is nota nullity in itself, but becomes so only at the election of the injured party, until that election is made the contract is obligatory and passes the title to the person holding under such a contract; consequently a sale in the mean time by such person would .transfer the right to the purchaser. This is not like the sale of a haileej, *516 to which it was assimilated in the argument : for tba bailee has no right, and can transfer none. There is no contract in that case upon which a right could bq founded, as there is in the present. The cases are therefore dissimilar. There is more analogv in this case to that of a fraudulent conveyance, which is made void as to creditors and purchasers ; but :r> that case a sale and conveyance by the fraudulent vendee to an innocent purchaser, would be good against subsequent purchasers and creditors, notwithstanding as to them the con-, vevance to the fraudulent vendee is declared to be void.
We have thus briefly given the outline of what we conceive to be the law upon the main points arising out of the motions to instruct the jury and for a new trial, without attempting to shew how far the court below have erred in relation to these points. That we have conceived to be unnecessary, as the judgment must in this case be reversed upon the ground mentioned in ano-, ther branch of this opinion.
The judgment must be reversed with costs, and the cause remanded that the plaintiff may have leave to amend his declaration and proceed de novo.