The Chief Justice
delivered the opinion of the court.
This was an action of detinue for sundry articles of property, in the declaration particularly described. The defendant pleaded the general issue, with leave to give any special matter in evidence.
On the trial, various questions of law were made, all of which were decided by the circuit court for the plaintiffs. The jury, however, found a verdict for the defendant, and the plaintiffs moved the court for a new trial, on the grounds that the verdict was against law and evidence; but the court overruled the motion, and gave judgment upon the verdict for the defendant, from which the plaintiffs have appealed to this court.
The only error assigned is in the refusal of the court to grant a new trial.
In point of fact, the evidence adduced on the part of the plaintiffs clearly sustained their right to recover; and unless some of the questions of law, made on the trial in the circuit court, were erroneously decided by that court, a new trial ought to have been awarded.
The only point relied on in the argument in this court, as having been erroneously decided by the circuit court is, that the action was misconceived.
The defendant, it appears, had taken the goods, in the declaration mentioned, as deputy sheriff, in virtue of an attachment which had issued against one Lawson, and having returned that he had so taken them, he was, by the order of the circuit court, directed to sell them; but before they were sold, this action was commenced.
It is evident that the attachment gave to the defendant no authority to take the goods of the plaintiffs, and that in doing so he was a mere trespasser. The property of the goods must, therefore, still have remained in the plaintiffs; for the act of seizing goods by a trespasser cannot change the property of them; nor could the order of sale by the circuit court have that effect, for that order was no doubt made upon the faith of the verity of the defendant’s return as sheriff, that they were the goods of the defendant in the attachment. If, then, the goods belonged to the plaintiffs, and they were detained, by the defendant, there can be no room to doubt the correctness of the decision of the cir *269 cuit court, that the action was properly conceived; for the identity of the goods not being questioned, the only remaining requisites to enable the plaintiffs to maintain the action, were-1st, property in the plaintiffs—2dly, detention by the defendant. It is true, that the plaintiffs might have maintained trespass or trover also, but wherever the law affords several remedies, the party may elect which he will pursue. Formerly it was doubted whether detinue would lie where the defendant came tortiously into the possession of the goods; but it has been settled, that the plaintiff may waive the tort in taking the goods, and bring detinue for the detention. Mansel’s adm’r vs. Israel, 3 Bibb, 510.
It was formerly held that detinue would not lie where deft. acquired possession of the goods tortuously, but that doctrine is exploded; the rightful owner may waive the tort, and sue for the detention—the law giving a choice of remedies, pltf. has the election which he will adopt.
Talbot for appellant, Bibb for appellee.
As to the other points of law made on the trial in the court below, we are clearly of opinion they were correctly decided; and as the correctness of the decision of that court upon those points was not questioned in the argument, we deem it unnecessary particularly to notice them.
It consequently results that the circuit court erred in not granting a new trial.
The judgment must be reversed with costs, and the cause remanded to the circuit court that a new trial may be awarded upon the usual terms.