Judge Ewing
delivered the Opinion of the Court.
This is an agreed case. From the facts agreed, it seems, that one Laban Hughey, under the assumed name of Hilman, fraudulently purchased from Arnett, the negro girl in contest, by imposing upon him, in payment, counterfeit bank bills upon the Bank of the United States, and procured from him a regular bill of sale and the possession of said slave, and afterwards, sold and delivered her to the defendant Cloudas, as. an innocent purchaser, without notice, and executed his own bill of sale to him, and assigned to him the bill of sale which he held on Arnett. Hilman, alias Hughey, was tried, convicted, and sent to the penitentiary, for passing said counterfeit bills. And Arnett brought this suit against Cloudas for the recovery of the slave. Judgment having been ren *300 dered against Arnett in the Circuit Court, he has brought the case to this Court.
If one who hag made a sale, and been defrauded, chooses to disregard the contract, and reclaim the thing sold, he must do so, in a reasonable time, and while the property is so held, that the rights of innocent purchasers will not beafFccted by the reclamation.
A man sold and delivered a slave, with bill of sale, to a villain who paid the whole price in counterfeit bank notes— a crime of which he was after-wards convicted: but, before the conviction, he sold the slave to an innocent purchaser, to whom he gave his hill of sale, and also assigned the one he received. The first vendor brought this action against the last vendee, for the slave. Held, that he cannot recover: the innocent purchaser must be protected.
Upon a full review o.f all the authorities referred to by the plaintiff’s counsel, and others which our own researches have enabled us to find, we are confirmed in the first impression which we formed—that the plaintiff ought not to recover.
It is true that, it is laid down, that fraud vitiates all contracts and renders them null and void. Which applies as well to contracts of sale as others. But though void, they are to be rendered so at the election of the vendor, or party imposed on, only. They cannot be regarded as so absolutely void, ab initio, as to amount to a mere nullity, or vendees who have been guilty of the fraud, might treat them as such, as well as vendors. They are void sub modo, at the discretion of vendors who have been cheated; v;ho may elect to disaffirm such contracts, and treat them as nullities, or affirm them, and seek redress in damages. But though this election is afforded to vendors, it should be exercised in reasonable time, and so as not to affect the :rights of third persons, who may in the mean time become innocent purchasers. When we find the term void used in its broad sense in application to such contracts, it is used so in reference to contests between vendor and vendee, where the party defrauded has elected to treat them as void. But we find no case, nor have the vigilant researches of the able counsel been able to point us to any good authority, where the vendor has been permitted to make his election of his remedies, after the property has passed into the hands of an innocent purchaser, so as to effect his rights.
And we see no good reason why he should be permitted to do so. He has trusted most, and should lose most. He, by reposing confidence in the vendee, or by his carelessness, or want of vigilance in the management of his own contracts, has permitted the vendee to weave a net around him, from which he should not be permitted to extricate himself by entangling in it his innocent neighbor.
*301 In the case under consideration, Hilman was permitted, by the act of the plaintiff, to bear about his person all the muniments of title. He held the possession and a regularly executed bill of sale for the slave. To what further, in the exercise of reasonable vigilance, would the defendant be required to look, for the security of his purchase.
It is true that, it has been laid down that, “if goods “ be obtained by false pretences, under color of purcha- “ sing them, the property is not altered by the delivery.” 3 Stark, on Eo. 1642.
But we apprehend, by a scrutiny into all the cases referred to in support of the above principle, it will be found that it has only been made to apply, as thus broadly laid down, to contests between vendor apd vendee, or jn cases where the rights of innocent purchasers are not to be affected.
It is said in the case of Parker v. Patrick (5 T. R. 175,) “ that when goods obtained from A by false pretences, “ had been pawned to B, for a valuable consideration, ■“ and A obtained possession of the goods, it was held “ that B might maintain trover for them.”
It was also settled by this Court, in the case of Mansell's Administrator v. Israel, (3 Bibb, 515,) in a case precisely analogous in principle, to the one before the Court, that the rights of an innocent purchaser could not be affected. The same priciple is settled iñ 1 Munford’s Reports, 557, Whitehom and wife &c. vs. the Administrators and Heirs of Howell.
It is therefore the opinion of this Court, that the judgment of the Circuit Court be affirmed.