Cowen, J.
I think replevin in the detinet will lie in this case, on the same principle as that which makes trover concurrent with trespass, or assumpsit concurrent with both, where there has been a tortious taking. In either case it is competent for the plaintiff to waive his right to proceed as for the force, disregard it in declaring, and even fall down to an action in form ex contractu. (Vid. 1 Hill, 240, and note (a), with the cases there cited; Floyd v. Wiley, 1 Missouri Rep. 430 ; 643, S. C. and S. P,) (a)
. I admit, the distinction between replevin in the cepit and detinet is sustained by the analogy of the old cases, or rather dicta, which denied that detinue would lie where the taking was tortious. My answer is, that those cases or dicta rest on the same slender principle as the denial in Bishop v. Viscountess Montague, (Cro. Eliz. 824,) that trover is concurrent with trespass de bonis. In trover for a tortious taking, Walmsley *284 and Kingsmil, Js., there held that ti espass only would lie. But Anderson and Warhurton contra: for the plaintiff may elect, as he may have detinue or replevin for goods taken by a trespass. The justices who took ground against the action were evidently staggered by recollecting what Brian, J. had said in 6 H. 7. 9., viz. that detinue would not lie, because the property was changed by the trespass; and the original owner was not a proper party to the action, because every plaintiff in detinue must show' property in himself. Walmsley and Kingsmil afterwards changed their minds. (Cro. Jac. 50.) I had supposed that idea completely dissipated by a great many cases of a later date which are beyond all question and yet cannot stand with it. Yavisour, J. denied Brian’s law at the time; and I think Mr. Chitty does not speak too strongly in calling it fallacious for all purposes of legal reasoning at the present day. (1 Chit. Pl. 123, Am. ed. 1840 ; and see 1 Wheat. Selw. Am. cd. of 1839, p. 665, note (3) ; 2 Leigh's N. P. 782, note (b).) It has been very sensibly repudiated in North Carolina, even in its application to the action of detinue, as Chitty thinks it should be. (Johnston v. Pasteur, Cam. & Norw. 464,472 ; Wade v. Edwards, 2 Hayw. 221.) So in Kentucky. (Mansell's adm’r v. Israel, 3 Bibb, 510, 512 ; Owings v. Frier, 2 Marsh. 268, 9.) In the first of the Kentucky cases, the ground is taken on the weight of authority that, as in trover, the plaintiff may waive the tort, at his election. (Pierce v. Hill, 9 Porters Alab. Rep. 151, 154, S. P. resolved on a very learned opinion by Collier, C. J.; Irwin v. Wells, 1 Missouri Rep. 9, and Overfield v. Bullitt, id. 749,50, S. P. ; and vide Neely v. Lyon, 10 Yerg. 478 ; Burnley v. Lambert, 1 Wash. Virginia Rep. 308, S. P. assumed.)
Thus I think the case itself on which the analogical argument is sought to be rested, must be considered as displaced from the law by the progress of conflicting judicial decision. The doctrine concerning the election of actions has in the mean time been acquiring greater strength and compass. To my mind, it abounds with principles and analogies which oh *285 -viously warrant the election of replevin in the detinet, though there has been a tortious taking.
Nelson, Ch. J. concurred.

 See Pritchard v. Fort, (1 J. J. Marsh. 543, 4 ;) Morrison v. Rogers, (2 Scamm. R. 317.) The latter case follows the doctrine in Massachusetts as established by Jones v. Hoar, (5 Pick. 285,) stated in note (a) to 1 Hill, 240.