## THE HENDRIE AND BOLTHOFF MANUFACTURING & SUPPLY COMPANY *v.* CLINTON A. PEDRICK, DEFENDANT; CONSOLIDATED AMUSEMENT COMPANY, LIMITED, GARNISHEE.

## No. 1073.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. S. B. KEMP, JUDGE.

ARGUED APRIL 10, 1918.                    DECIDED APRIL 18, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE EDINGS
IN PLACE OF KEMP, J., DISQUALIFIED.

STATES—*their relationship.*

While several States of the Union have no independent political existence ·in an international sense they sustain toward each other, except as limited by the Federal Constitution, a strictly foreign relation. ·

LIMITATION OF ACTIONS—*cause of action arising in foreign country or State.*

A territorial statute providing that actions for the recovery of any debt founded upon contract, obligation or liability, where the cause of action arose in any foreign country, shall be commenced within four years after the cause of action accrued, held: The State of Colorado is a foreign country within the contemplation and meaning of the foregoing statute.

OPINION OF THE COURT BY COKE, C.J.

On May 8, 1917, in the court below the plaintiff, appellee, instituted an action against the defendant, appellant, on an account stated which was had between the parties in the State of Colorado on the 27th day of June, 1911. Defendant in his answer set up the statute of limitations as a bar to the action. The statute plead

by defendant is as follows: "The following actions shall be commenced within four years after the cause of action accrued and not after. Actions for the recovery of any debt founded upon any contract, obligation or liability, where the cause of action has arisen in any *foreign country,* except such as are brought upon the judgment or decree of a court of record." Sec. 2638 R. L. 1915.

The plaintiff filed a demurrer to that portion of defendant's answer pleading the foregoing statute and urging that the statute referred to foreign countries and that the State of Colorado could not be considered a foreign country. The court below sustained the demurrer and the defendant comes here by interlocutory appeal. The court below apparently rested its decision upon the definition of "foreign country" adopted by the majority opinion of the Supreme Court of the United States in the case of *De Lima* v. *Bidwell,* 182 U. S. 1, to the effect that a foreign country is one exclusively within the sovereignty of a foreign nation and without the sovereignty of the United States. Originally this same definition was pronounced by Mr. Chief Justice Marshall and Mr. Justice Story. *The Boat Eliza,* 2 Gal. 4; *Taber* v. *United States,* 1 Story 1; *The Ship Adventure,* 1 Brock. 235, 241. These last cases had to do with the interpretation of the maritime laws of the United States, and in the *De Lima* case, above referred to, the court's definition was pronounced with reference to the application of the tariff laws of the United States and it was held that with the ratification of the Treaty of Peace between the United States and Spain in 1899 the Island of Porto Rico ceased to be a foreign country within the meaning of the tariff laws. But in determining the relation of one State to another or the relation of the laws of one State to the laws of another

State we find that the rule pronounced in the *De Lima* case and the other cases cited is not applied. The United States is a sovereignty composed of many sovereign States.

Except to the limited extent to which the Federal Constitution has provided otherwise the States are entirely independent and sustain toward each other the relation of foreign States. Special duties or restrictions are imposed by the Constitution upon States in interstate relations in connection with the extradition, the proof and the effect of judgments, the privileges and immunities of citizens and similar matters. The principles of international comity apply as between the States, but comity between States, so far as concerns the rights, privileges and immunities of each other's citizens not guaranteed by the Federal Constitution must yield to the laws and policy of the State in which it is invoked. And while the States have no independent political existence in an international sense they sustain toward each other, except as limited by the Federal Constitution, a strictly foreign relation. That is to say, aside from the exception mentioned they are independent and foreign sovereignties. *Fisher et al.* v. *Fielding,* 34 Atl. 714; *Davis* v. *Morton, Galt & Co.,* 96 Am. Dec. 309; 15 R. C. L. 196.

In defining the status of a bill of exchange drawn in one State of the Union on a person living in another State the Supreme Court of the United States held that the bill should be treated as a foreign bill of exchange. The court said: "For all national purposes embraced by the Federal Constitution the States and citizens thereof are one, united under the same sovereign authority and governed by the same laws. In all other respects the States are necessarily foreign to and independent of each

other. Their constitutions and forms of government being, although republican, altogether different, as are their laws and institutions. This sentiment was expressed with great force by the president of the court of appeals of Virginia * * * where he states that in cases of contracts the laws of a foreign country where the contract was made must govern, and then adds as follows: 'The same principle applies, though with no greater force, to the different States of America; for though they form a confederated government, yet the several States retain their individual sovereignties, and, with respect to their municipal relations, are to each other foreign.'" *Buckner* v. *Finley, et al.,* 2 Pet. 586, 590, 591. The term "foreign country" for all legal purposes embraces a neighboring State. 19 Cyc. 1352. The supreme court of Kentucky, in the construction of a state statute which provided that the statute of limitations should not run against a person without the country, held that the word "country" should not be construed to mean the United States but should be construed to mean the State of Kentucky. In its opinion the court said: "This State may certainly with propriety be called a country, and when the legislature used the expression 'the country,' it is natural to suppose that they meant the country for which they were legislating." *Mansell's Administrator* v. *Israel,* 6 Ky. 510, 514.

The plaintiff relies strongly upon the authority contained in the *De Lima* case *ante.* But as we have pointed out, that decision and the authorities therein referred to had solely to do with the construction and application of the laws of the Federal government and nowhere therein was the relationship of one State to another or the relation which the laws of one State bore to the

laws of another State touched upon. Following the wise maxim expressed by Mr. Chief Justice Marshall "that general expressions in every opinion are to be taken in connection with the case in which those expressions are used" we can find in the cases cited no authority in support of the decision of the court below.

The statute relied upon by the defendant herein as a bar to the claim of plaintiff was first enacted by the legislature of the Hawaiian Kingdom in the year 1892. At that time Hawaii was an independent and sovereign nation. The same statute, however, was reenacted by the legislature of the Territory of Hawaii in 1905 and again reenacted in 1915. The defendant points out that where a statute has been in force for a long period of time, and is reenacted, the same application and force should be given it that obtained at the time of its original enactment, and as it is clear that at the time the statute was enacted in 1892 by the legislature of the Kingdom of Hawaii the State of Colorado was a foreign country it should still be so considered. We do not think that this point is material. Even had the statute in question been enacted for the first time by the legislature of the Territory of Hawaii in 1905 we would be bound to hold that the State of Colorado was and is a foreign country so far as the laws of Hawaii are concerned, except where otherwise provided by the Federal Constitution, and that plaintiff's claim would be barred by virtue of the statute if the action was not commenced within four years after the cause of action accrued.

The judgment of the lower court sustaining the plaintiff's demurrer is reversed and the cause is remanded to the lower court for further proceedings consistent with this opinion.

*W. T. Rawlins* for plaintiff.

*W. B. Pittman* (Andrews & Pittman on the brief), for defendant.