OPINION of the Court, by
Judge Trimble.-—
M’Clelland brought an action of detinue, in the Shelby circuit court, against Tunstall, for the detention of two slaves. The defendant pleaded non detinet, upon which issue was joined ; the jury found for the plaintiff the two slaves, and ascertained their respective prices, and also damages for the detention ; whereupon the court rendered judgment, that the plaintiff recover of the defendant “ the slaves aforesaid, if they may be had ; but if not, then the prices aforesaid of them, or either of them, as cannot be had together, with the damages aforesaid, by the jurors in their verdict assessed.” From this judgment Tunstall has appealed to this court.
The first and second assignments of error question the sufficiency of the declaration ; and particularly allege that it does not sufficiently charge the defendant with a detention of the slaves, but only with a refusal to deliver.
We are of opinion the declaration is sufficient, especially after verdict. It charges that the slaves came into the hands and possession of the defendant, “ and that he was, and still is, possessed thereofand then charges that he refused to deliver them upon request. These allegations, to every reasonable intent, are tantamount to an express assertion that the defendant detained ; for if they were in his possession, and so continued, as the declaration states, and he refused to deliver them, it was, in fact and in law, a detention.
The third assignment seems intended to call in question opinions of the court, given in the progress of the trial, upon points of evidence, as contained in two bills of exception, tendered by the defendant, and made part of the record.
*187 The first bill of exception in substance states, that upon the trial of the issue, the defendant offered to prove, by a witness, that the slaves, in the declaration mentioned, had never been out of the defendant’s possession ; and that the plaintiff had never had any other possession of them than what was given by a certain deed of mortgage for the two slaves, (inter alia,) made part of the bill of exception ; but the court overruled the evidence, and would not permit it to go to the jury. This exception to the opinion of the court seems to be predicated upon the erroneous idea that the plaintiff in detinue must shew that he had once been in actual possession of the property. It is incumbent on the plaintiff to prove title in himself ; but the law does not require that he should ever have been in possession to, enable him to maintain the action of detinue. — See Bull, N. P. title detinue, and 3d Com. Dig. 358. The evidence offered was therefore irrelevant to the issue, and properly rejected by the court,
The second bill of exception states, that, on the trial of the issue, no evidence was given by the plaintiff to the jury to prove that a demand of the slaves had been made by him of the defendant, except the writ issued in the suit; that the defendant moved the court to instruct the jury to find for the defendant, for want of such evidence ; but the court refused to give such instruction, and delivered their opinion to the jury, that a demand need not be proven to support the action of detinue. This opinion is the subject of revision in this court.
For the appellant, has been cited the case of Cobb vs. Gorden, decided here at the-- term, 1807, in which, proof of a demand was held to be necessary. Uniformity of decision is certainly much to be desired, and should be preserved, except where an adherence to a former precedent would be in violation of legal principles. But where a single decision is found, upon review, to conflict with the principles of some, it ought to be disregarded ; humanum est errare: and it is surely better for a court, convinced of an error, to confess and rectify it, than to persist in the error. We will therefore proceed to examine the question on principle. Anciently, in real actions and in personal actions, where a thing ⅛ certain was demanded, a precipe was the first process ; *188 whereby the defendant was commanded to surrender thing to the demandant or plaintiff, or shew cause why he did not. If he surrendered the thing according to the command of the writ, the suit was at an end, and he was not subjected to damages ; if he did not surrender, a summons, in real actions, and in personal actions, either a summons or capias, issued against him. At common law, the capias would lie in detinue of personal goods — *Co. Lit. 286, b ; although it would not in debt. In those actions in which a precipe lay, no demand, other than the writ, was necessary, because the writ itself was a demand. Thus stood the doctrine while the actual issuing of the precipe was in use : it afterwards became the practise to issue the summons (a capias) in the first instance without the precipe, but which, by fiction of law, was supposed to have issued. But as injustice might be done to the defendant (by indulging this fiction) by subjecting him to damages where no precipe had issued and no demand had been made upon him, it was held, that he might come at the first day and plead that he had been always ready to deliver ; and if the demandant or plaintiff could not gainsay it, by replying, and proving a demand, the plaintiff had judgment for the thing, but without damages for the detention. Hence, we find it laid down, that in detinue the defendant may plead uncore prist — 5th Com. Dig, 663 ; and in Sayer on Damages, who sites Rol. Abr. 5 74, it is laid down, that “ if the defendant, in an action of de-tinue, come at the first day and plead that he hath been at all times ready to deliver the thing for which the action is brought, to the plaintiff, he is not liable to damages for the detention thereof.” But in that case, although the defendant would be discharged of damages for the detention, yét the plaintiff would be entitled to the property sued for.
These cases go to shew that the plaintiff need only reply, and prove a demand and refusal, to entitle him to recover damage for the detention from the time of the demand — not to entitle him to recover the thing.
If the plaintiff must necessarily give evidence of a demand, when non detinet is pleaded, to maintain the action of detinue, the plea of “ always ready to deliver,” could never be necessary to discharge the defendant of damages for detention ; because, if the plaintiff failed in *189 giving such evidence, he would be defeated both as to the thing and damages, and if he gave such evidence, the plea must necessarily have been defeated if it had been pleaded. When the jury are charged only with the issue detinet vel non, they must answer in the affirmative or negative ; and surely they could not answer non detinet merely because there was no demand proven, and thereby bar the plaintiff for ever. The action of detinue is brought to recover the thing specifically, and the plaintiff must shew he has title to the thing to enable him to recover. The plaintiff’s title does not accrue by virtue of, or depend upon a demand, but exists independent of, and precedent to any demand. The want of a demand cannot, therefore, destroy his right to recover the thing.
Upon the whole, we are of opinion, that proof of a demand, on the part ©f the plaintiff, is not necessary to sustain the action of detinue ; where no demand other than the writ is shewn, that the plaintiff', on the issue of detinet vel non, can only recover damages for detention from the commencement of the action ; and that the only use of proving an anterior demand would be to entitle him to damages for detention from the time of the demand proven. The decision in the case of Cobb vs. Gorden, on the subject of the necessity of a demand, cannot, therefore, be regarded as law.
The other assignments allege that the verdict and judgment are not authorised by the declaration ; and seem to be predicated on the objections made to the declaration in the first and second assignments, which have been already noticed.
We are of opinion there is no error in die judgment or proceedings of the court below.