OPINION of the Court, by
Ch. Í. Boyib.
This was an action of detinue for a slave. Issue was joined upon the plea of non detinet. In the progress of the trial sundry exceptions were taken by the defendant, and a verdict and judgment being given against him, he has appealed to this court. The points made by the assignment of error grow out of the exceptions taken to the opinions of tiie court below. Such of them as are material to be considered, and were principally relied on ip the argument, may be embraced in two propositions.
1 st. That improper testimony was admitted on the part of the plaintiff.
2d. That the slave in question having died without the fault of the defendant, after the commencement of the suit, the plaintiff’s right to recover was thereby defeated.
1. The testimony, the admission of which is complained of, consists of the declarations of James Bell, who sold to the defendant, made prior to and at the time of the sale, a?id of the declarations of Mrs. Bell, made at the time of the sale to the defendant, and in his presence and that of her husband.
There can be no doubt that the declarations of Bell would he good evidence against him : for what a party has himself been heard to say, does not fall within the objection to hearsay evidence y and consequently such, declarations made before or at the time of the sale to the defendant, are admissible against him. For although. *271 the confessions of a person after he has parted with property, cannot be used in derogation of the title in the hands of the purchaser, yet it is well settled that the confessions of a vendor made before the sale is good evidence against those claiming under him. — Bac.. Abr. title Evidence, letter (K) and the authorities there cited.
The declarations of Mrs, Bell were upon the same principle admissible : for being made in the presence of her husband, without being contradicted by him, was on his part a tacit admission of their truth ; and what a person admits, as well as what he says, is receivable in evidence against him, and consequently against any person claiming under him. — Teak’s Evidence 16.
2. The second proposition at first view presented considerable doubt, but upon farther reflection we are of opinion it cannot be maintained.
Were the recovery of the specific thing the absolute and sole object of the action of detinue, the destruction or annihilation of the thing would necessarily defeat the action; but as the object of the action is to recover the thing only upon the condition that it can be had, and if not, then its alternate value, it results that the action cannot be defeated by the destruction of the thing, unless it were under circumstances that would excuse the defendant from being responsible for its value. But in this case there is no circumstance tending to shew that the defendant was not liable for the value of the slave in question. On the contrary the inference is clear that he was liable: for admitting that he acquired the possession of the slave rightfully, yet his detention of the slave after the action commenced, was certainly wrongful | and he who wrongfully detains the property of another, does it at his own peril, and will be responsible to the proprietor though the property should be destroyed by accident or taken from bim by violence. Thus it is held that all bailees are responsible for losses by casualty or violence after their refusal to return the things bailed on a lawful demand.' — Jones’s Law of Bailment 94.
The judgment must be affirmed with costs and damages upon the damages.