Judge Mills
delivered the opinion of the Court.
James H; and David Gentry tooli four slaves from the possession of William Barnett, who, to regain possession thereof, issued his writ of replevin, and gave Thomas C. Howard as his security, in a bond conditioned to perform the judg-meat of the court in the action of replevin;
Finally, in the action, judgment was rendered for the return of the slaves to the Gentries.
They then brought this action on the bond, in which they aver that one of the female slaves, (Ce, cily,) had pending the writ of replevin, a child born, of the value of $500 dollars, and that Barnett did not perforin the judgment of the court in restoring the said female slave and her ehild, and this is the billy breach assigned.
The defendants below pleaded, in substance, “that since the rendition of the judgment in the action of replevin, they paid to the now plaintiffs, the cost awarded by said judgment, and also delivered up to said plaintiff’s, all the slaves in the declaration mentionéd, except the slave Cecily; and as to so mucli of the action as was brought for the slave Cicily, the plaintiff’s ought not to havé their action, because that said slave Cecily departed this life without the faujt of the defendant’s, before the judgment in the action of replevin, by reason of which, it became impossible to restore her.”
To so much of this plea as alleged the payment of costs, and restoration of the other, slaves, the plaintiff’s replied, alleging that defendant’s had not paid the costs, and concluded tp the country.
To so much of the plea as alleged the death of Cicily, as an excuse for not returning her, the plaintiff’s demurred, and the defendants joined in demurrer.
Judgment on the demurrer for defendant.
Trial of the issue on the replication, and judgment for plaintiffs.
Where a defendant pleads a performance'of conditions, no breach of which is assigned, the plaintiff replies, and an ‘issue is formed on the plea, and found for the plaintiff, he cannot take advantage of the irregularity to reverse the judgment.
conditions°f performed, the plaintiff antf assign breadiesS-but having assigned one or more breach-es specially, in his declaration, and been defeated by the pleadings of his adversary, he can assign no new breach after-wards.
*114 The court sustained the plea, as to so much of the plaintiff’s action as went for the value of Cecily, and decided that the plaintiff’s should be barred from the recovery thereof.
A jury was empannelled to try the issue on the implication to this same plea, who found a small verdict for the plaintiffs below, probably equal to the cost of tlxe first suit, on which judgment was rendered, to reverse which this writ of error is prosecuted, by the plaintiffs.
It is very evident that if the court helo w was right with regard to the value of the slave Cecily, that the plaintiffs can show no ground to reverse their own judgment. It is one of which their adversaries, and not they, can complain. It is rendered for a cause of action, of which there is no complaint; or breach alleged in the declaration. No breach is there assigned either for costs, or the not returning any of the slaves, except Cecily and child. But when the defendants, by surplusage in their plea, alleged the payment of costs, and restoration of the other slaves, that the plaintiffs caught by the novel invention of demurring to part, and replying to part of the same plea, and in their replication, assigning a breach different from that in their declaration, and of proceeding to recover thereon, notwithstanding all of the plea which attempted to answer the action had been demurred to, and adjudged good by the court, and the plaintiffs escaped from a total defeat, by resorting to this new invention of replying to so much of the plea as was useless and unnecessary. This was done as a shift in extremis, or probably arose from the inattention of the parties as to what was tire real cause of action assigned in the declaration.
We know that when a defendant shall plead conditions performed to a declaration on the penal part of the instrument, the plaintiff by way of replication, may assign breaches; but we are not aware of any practice, which allows a plaintiff, after he has assigned breaches in his declaration, and is defeated in the whole of them by the pleadings of *115 Ms adversary, to assign a- new breach unheard of before, and go on and recover for that.
A party succeeding upon - aminorpomt, but failing in the main object of his suit, may sustain a writ of error to reverse the judgment, thoughUn his favor.,
A party wrongfully-possessed of slaves, as a defendant in detinue, or plaintiff in replévin after a judgment for a return, is answerable for their value, if the slaves die in his hands.
The death of a slave, delivered under a writ of replevin, pending the action, (if any defence,) must be pleaded puü darrein coip-tinuawe; it is no de-fence to a $uil on tlie replevin bond.
*115 But notwithstanding the plaintiffs Have recovered a judgment by this device, still they have suffered an injury by the judgment of the court, depriving them of the value of the slave Cecily, for which we conceive they can sustain a.writ of error. This was the main caiise of action,, and it was because the were defeated in this, that they, took refuge in replying by new breaches. They have therefore a rigid to have this question revised by this court.
It was held by this court in the case of Carrol vs. Early, 4 Bibb 270^ that the defendant in an action of detinue, who wrongfully withheld a slave, which died pending the action of detinue, must account for the value thereof; and this, on the principle that the defendant holding and detaining the slave in his own wrong, run the risque of his life, and could' not excuse himself from the value by the death of the slave. It is hard to conceive of a reason supporting this decision, which will not equally apply to the death of a slave pending the.action of reple-vin. Indeed the reason in the latter case is much stronger. In the first case the defendant is charged because of his wrong only; in the latter, he is not only guilty of the same wrong, but has expressly stipulated in the replevin bond, that he will restore, not excepting the event of the death of the slave, and as the lessee is bound to restore, notwithstanding the premises may have been destroyed by inevitable casualty, in a case, where he has positively stipulated to do so, as has been often held, so in this case his stipulation, especially as his own wrong and fault stands behind it, must bind him to restore.
If he could have been- relieved from restoring Cicily or her value by her death, as he seems to suppose, it was' incumbent on him, as she died pending the action of replevin, to have pleaded thatmat-ter puis darrein continuance, and thus have-avoided, the judgment de retorno habendo, as to her.. But.as he did not do so, he cannot be permitted to> do.it now, and thus avoid, collaterally, the first judgment, against him, even if it be conceded he had a right *116 t.o have avoided the first judgment by pleading the death of the slave, which is very problematical, according to the decision of Carrol vs. Early.
Turner and Caperton, for plaintiffs, Hanson and JBreck, for defendants.
The judgment .of the court below must, therefore, be reversed with costs, and the verdict be set aside, and the cause. remanded to said court with directions to set aside the replication, and to sustain the demurrer to said plea; and for such other proceedings as may be consistent with the law, and the opinion of this court.