Gkeen, J.
dissentients. This was an action of det-inue to recover a mare. Plea non detinct.
The court charged the jury, among other things, in substance, that unless the defendant obtained the property sued for in an action of detinue by force or fraud, the plaintiff must prove a demand before the institution of the suit, or he could not maintain his action. In this charge the court erred. No special demand is necessary lobe alleged in the declaration or made appear in proof. *136 1 Bibb’s Rep. 186: 4 Bibb’s Rep. 340: 5 Com. Dig. 664. The opinion of Judge Trimble in the above case in 1 Bibb, 186, is so clear and conclusive, that nothing I could add would render the subject more plain.
The plea of non detinet puts in issue the title only, and no evidence than that which tends to this issue is necessary or-relevant. The writ-is a sufficient demand, and the plaintiff can recover damages only from the time of its service. But the defendant’s counsel insists that the writ and declaration in this case having been improperly amended, the plaintiff is not properly in court, and that although the court erred in its charge to the jury, yet as there was a precedent fatal error in favor of the plaintiff, this court will affirm the judgment.
It appears from the record that the declaration was filed in the name of-Fancher to the use ol Dudley Hunter, and that on applicationaof the plaintiff, the name of Fancher was ordered to be stricken from the writ and declaration. If this were erroneous, it would not follow that the cause could finally be disposed of here; because were it reinstated in the situation in which it was before the amendment was made, the name of Hunter might be clearly stricken out as surplusage, and the suit prosecuted in the name of Fancher. But in this there was no error. The act of 1809, ch. 49, sec. 21, authorized this amendment.
In the case of Jas. Woods & Co. vs. Floyd, (4 Yerg. 165) at the last term here, this court held, that an amendment which introduced the name of the other member of the firm was admissible. The language of our act of amendments is very broad, and the practice under it has been to indulge liberally in amendments, in order that justice may be attained, and that causes may be tried on their merits without being entangled in the nice formalities of the lav/. Here the names of Fancher and Hunter were both in the writ and declaration, and they were in such connection as to indicate that Hunter was beneficially *137 interested in the suit. The amendment allowed him to prosecute, in his own name only, the suit which he had supposed must be prosecuted in connection with another. There was enough to amend by, and to enable the court to perceive that the introduction of Fancher’s name was a defect, and therefore amendable. The nature of the action was not changed, and I think the amendment was proper.
The judgment ought to be reversed and the cause remanded.
Judgment affirmed.