Judge Ewing
delivered the Opinion of the Court.
McKehen brought an action of detinue, against Guy Phelps, administrator of Martin Gentry, for six notes, which had been executed by Gentry, in his lifetime, to Daniel Thornberry, and assigned by Thornberry to McKehen: one for one thousand two hundred dollars, and five others for five hundred dollars each.
The declaration contains one count, which alleges that said notes came to the possession of “the defendant, as administrator, as aforesaid, b.y. finding;” “yet said defen“dant well knowing &c. hath not yet delivered them to “ the plaintiff, or either of them, but hath and still doth “ detain and refuse to deliver them to him," &c.
A demurrer was filed to the declaration, and non detinet pleaded. The demurrer was overruled, and a verdict found for the plaintiff, on an issue-upon the plea. And a motion to arrest the judgment, and for a new trial, being both overruled — the defendant has brought the case to this Court by writ of error.
Detinue lies against an ex’or or adm'r for goods that were in the possession of the decedent, and passed, identical, to the hands of the defendant.
There are two modes of declaring in detinue:-(1.) On a bailment and contract to deliver: when that mode is adopted, the contract should be set out specifically; and if the bailee is dead, and the thing sued for is in the hands of his representative, it should be so averred; and if the contract was to deliver upon request, an averment of a special request may be necessary.— (2.) Upon the fiction that the pl'tf lost, and the def't found, the goods, which he detains: in that form-which may be used in any case—it is not material in what manner the possession was, acquired; the detention is the gist of the action; and, in that form, it may be maintained against an ex'or or adm’r, as such, for any thing which he holds and detains in his fiduciary character.
First. It is contended, that this action will not lie against an administrator, in his fiduciary character.
Second. The form of declaring is insufficient to sustain the action against him.
Third. That a special demand should have been averred and proved.
Fourth. That a new trial should have been granted on the ground of surprise.
First. It is now well settled, that if goods come to the possession of a testator or intestate, by bailment or taking, and continue still in specie, in the hands of his executors or administrators, that replevin or detinue will lie against them, in their fiduciary character, to recover back the specific goods. 1 Saunders’ Rep. 216, a, note; Sir W. Jones, 173-4; 3 Bibb, 510, Mansall's Administrator vs. Israel.
Second. In relation to the second proposition, there is more room to doubt. As there is probably no case in which an administrator could be regarded as detaining in his fiduciary character, except when the goods were in the hands of his intestate, in his lifetime, it may be doubted whether it is not necessary to aver that fact, and that the goods passed in specie from him, to the possession of his representative.
But upon a full review of the authorities, we are satisfied that it is not necessary that these averments should be made.
There are two forms of declaring in this action: one special, on the contract to deliver, or on the contract of bailment, where the possession is acquired or held by contract. The other general, on the fiction of the plaintiff having lost, and tire defendant having found, the goods.
Where the former mode is adopted, as the declaration is founded on contract, and attempts to set forth the contract, it should correctly state it, and follow the property, by special averment, into the possession of the administrator; and when, by the terms of the contract, the goods are to be restored on aver a special request, request, it may be necessary to aver a special request.
The writ, in detinue, is a sufficient demand of the thing detained; a previous demand is necessary only to recover damages for detention (compensation for the use,) before the suit was brought.
If the testimony of one witness seems to contradict that of another, but will bear a construction which will make it consistent, that construction (after verdict) should be given to it.
*36 But in the latter form of declaring, these averments are not necessary. And we think the latter form may be adopted in all cases.
It is said that, the detention is the gist of the action; that the finding is a fiction, and is not traversable. 1 Chitty, 123; Comyn's Digest, title Pleader, 2 X. 2. 1 New Rep. 140, If so, it matters not, whether the defendant came to the possession of the goods by finding, by tort, or by bailment, the manner of his acquiring the possession cannot affect the fact of the defendant’s detention, or the character of the plaintiff’s title. Hence it is laid down that, if the averment be that they came to the possession by finding, proof that they came by delivery, or by tort, will be of no consequence. Comyn’s Digest, supra.
If, therefore, the latter form of declaring be adopted, and the plaintiff avers that the goods came to the possession of the defendant, as administrator, by finding, and he detained them as such, the averment is sufficiently broad to charge him in his fiduciary character, For as the finding is a fiction, and not traversable, as he is charged with the possession and detention in that character, if the charge be true, he is liable in that character.
If it be true, that he is not chargeable in that character, unless his intestate had possession of the goods, and they afterwards came to his hands in specie — the averment is tantamount to an averment, that the possession, was so held and derived to him. As it would not be true, that he was possessed as administrator, if the possession was not so derived.
Third. It has been repeatedly settled by this Court, that a demand, other than the writ, is not necessary to sustain this action; and is no otherwise necessary than to enable the plaintiff to recover damages for the detention before suit brought. In the case of Tunstall vs. McClelland, 1 Bibb, 186, which is a leading case, the reasoning of the Court is conclusive upon this point, and has been followed by several subsequent decisions.
Fourth. We think there is no ground for a new trial. The testimony is such as to warrant the jury to come to the conclusion, that the notes were delivered to the *37 intestate for safe keeping, and, after his death, came to the possession of the defendant, as his administrator, and were detained by him,
A party cannot avail himself, on a motion for a new trial, of an alleged surprise by unexpected testimony, when the deposition of the witness had been filed before the trial; nor upon any failure of his adversary to produce a witness.
And the ground of surprise relied on is insufficient.
The evidence of John C. Beeler tended only in a slight degree, to impeach the evidence of his son, when construed most unfavorably to its truth. But such construction may be put upon the evidence of both as to make them stand together, and such construction should be made.
Besides, John C. Beeler’s deposition had been before taken in a suit in which the defendant was a party, and was filed and used in the trial of the case. We must presume that he had knowledge, or ought to have knowledge, of what he proved, and should have, had him summoned, and not have depended upon his being produced by the plaintiff, or on his producing, or failing to produce, another witness to make out his case.
It is, therefore, the opinion of the Court, that the judgment of the Circuit Court be affirmed,