LITTLE
ROCK,
Jan'y 1839.

DANLEY
*vs.*
EDWARDS
& OTHERS.

JAMES DANLEY *against* ALFRED EDWARDS *et al.*

APPEAL *from Pulaski Circuit Court.*

Where instructions upon abstract questions of law are given or refused by the court below, these instructions will not be noticed in this Court, unless by bill of exceptions so much of the evidence in the case as presented the questions of law or testimony to which the instructions applied, is brought before to this court.

It is the duty of the party excepting, to set out so much of the testimony as raises the question of law or evidence contained in the bill of exceptions.

The plaintiffs were described as A. B. and C. B. his wife, and D. E. and F. G. infants, &c., all heirs and legal representatives of H. L. It would be a good replication to the statute of limitations, that D. E., F. G. and C. B., were infants within five years, and that A. B. claimed in right of his said wife.

But if the replication is that all were infants, the plaintiffs are bound to prove that the husband, as well as the wife, was an infant, within five years next before the institution of the suit. And if the court below instructs the jury that they are not bound to prove it, it is error.

In such case, upon the return of the case to the court below, the parties will be permitted to amend their pleadings.

This was an action of detinue, brought by *Alfred Edwards* and Martha his wife, late Martha Robbins, and John R. Robbins, and William Robbins, infants by their next friend Polly Robbins, all heirs and legal representatives of William Robbins, deceased, against *James Danley*, for a slave. The defendant below pleaded *non detinet*, and *actio non infara* five years. The plaintiffs took issue on the first plea, and filed a replication to the second, which was demurred to, and the demurrer sustained; and they then pled an amended replication, averring that when the cause of action occurred, *all* the plaintiffs were infants, and so continued till within five years next before the institution of the suit: To this replication the defendant rejoined, that *all* the plaintiffs were not infants, &c. To the rejoinder the plaintiffs demurred, and their demurrer being overruled, they took issue upon it.

The cause was tried by a jury, and upon the trial the defendant moved the court for the following instructions to the jury.

1st. That *all* the plaintiffs must have been infants, under age, at the time the cause of action accrued, and so continued till within five years next before the commencement of the suit, to entitle the plaintiffs to record.

LITTLE
ROCK,
Jan'y 1839

DANLEY
vs:
EDWARDS
& OTHERS.

2d. That to entitle the plaintiffs to a verdict, it must have been proven that the defendant had possession of the slave at the commencement of the suit.

3d. That if the slave belongs to the administration of William Robbins, deceased, and never was in the possession of the plaintiffs, with the assent of the administration, the plaintiffs cannot recover.

4th. That all the personal property of an intestate belongs to the administrator of an intestate, until he parts with it, either by sale or distribution made with his assent, or by the decreee of a court of justice.

These instructions were all refused by the court; and the court instructed the jury, on motion of the plaintiff:

1st. That it was not necessary to prove that *Alfred Edwards* or Polly Robbins were within the age of twenty-one years, within five years next before the commencement of this suit.

2d. That it was not necessary to prove that the defendant had possession of the slave at the commencement of the suit.

3d. That the fact of Mary Robbins, former administratrix of William Robbins, acting as next friend to the infant plaintiffs in this case, is full evidence of her assent to this suit.

The jury thereupon found a verdict for the plaintiffs and from the judgment rendered thereon, the defendant appealed. No part of the evidence was incorporated in the record.

FOWLER, HALL, and CUMMINS & PIKE, for appellant:

Appellees instituted an action of replevy against appellant, in said Circuit Court, for a *negro man.* Appellant pleaded *non detinet,* to which plea appellees joined issue. Appellant also pleaded the statute of limitations, that said cause of action did not accrue within five years, &c., to which appellees replied that they were "*all*" infants under 21 at the time the cause of action accrued, and so continued infants as aforesaid, up to the        day of                in the year of
and within five years before the institution of this suit, &c. a demurrer to this replication was sustained; and replication amended, to which the appellant filed his joinder. His joinder was demurred to; but the demurrer overruled, a jury came, and a verdict and judgment was rendered against the appellant. The appellant insists that said judgment should be reversed.

1st. Because the declaration was insufficient, containing no allega-

tion that the negro was a *slave* or the *property of the plaintiffs*, or pro-
perty *at all*, or even was in *possession* of said plaintiffs. That on de-
murrer said declaration should have been adjudged bad. That the
defects therein are not such as are cured by pleading thereto, or by
verdict, either at common law, or by the statute of *jeofails, Vide* 3
*Bibb Rep.* 517, *Morton* vs. *Israel—Hardin's Rep.* 79, *Letcher* vs.
*Taylor.*

2dly. Because the said Circuit Court, on said appellant's motion,
on trial, ought to have instructed the jury, that it was necessary in or-
der to justify a verdict for the plaintiffs, that they should have proved
that they were *all* infants under twenty-one years, *as allegee in their
replication.* The proof must correspond with the allegations.

3dly. Because said Circuit Court, on said appellant's motion, ought
to have instructed the jury that if the property in controversy belonged
to the administration of said deceased, and was never in the possession
of the said appellees, with the assent of said administratrix, the said
appellees could not recover; and that the personal property of an in-
testate belongs to his administrator, and the legal title and right to
possession is in such administrator, and no other person, until parted
with by sale, or distribution, under a decree of some competent court.

4thly. Because the said Circuit Court instructed the jury that it
was not necessary for said appellees to prove *Alfred Edwards* and
*Polly Robbins,* (two of said appellees) were under 21, &c.

5thly. Because the court instructed the jury that the fact of Mary
Robbins, administratrix of the said William Robbins, deceased, act-
ing in this suit as next friend to the infant plaintiffs, was full evidence
of her assent to this suit; and consequently of property in the plain-
tiffs.

6thly. The record no where shows that the said Mary Robbins *was
acknowledged in open court* by said minors as their next friend, or as-
sented herself for her name to be used as such. *Vide Gey. Dig. p.*
106, *sec.* 1.

7thly. The jury was not sworn according to law. 3 *B. Com.* 365.

8thly. Their verdict does not respond to the issues. It finds the
*negro man* to be the *property of the plaintiffs,* when no such fact is in
issue; and it is in other respects variant and discordant.

9thly. The *issues themselves* were both *immaterial;* upon which no
final judgment could legally be given, and from which the said appel-
lees are entitled to no benefit. *Hard. Rep.* 79; 3 *Bibb. Rep.* 577.

LITTLE
ROCK,
Jan'y 1839

DANLEY
vs.

EDWARDS
& OTHERS.

ADDITIONAL AUTHORITIES.—*Pope, Steele, & McCamp. Dig.* 382; see also page 216, sec. 12; see 1 *Bibb. Rep.* 604; showing that slaves pass to executors. 1 *Ch. Pl.* 120 *et seq.*

If heirs labor under disability, the statute ceases to run against them, *so long as they continue to hold the estate,* until these disabilities are removed; but on the qualifying of an executor, the privilege does not extend to him. The statute shall be construed to run from the adverse entry. *May's heirs* vs. *Slaughter,* 3 *Marsh.* 512.

Part of co-partners laboring under disability at the time of an adverse entry and possession of their lands, will not prevent the general statute from running against all. *McIntire's heirs* vs. *Funk's heirs,* 5 *Litt.* 36.

The infancy of one tenant in common, will not prevent the statute from running against his co-tenant. *Thomas* vs. *Machir,* 4 *Bibb.* 412.

In cases of joint rights, *all* the complainants must have labored under some legal disability provided for by the statute, to prevent the act from operating as a bar to all. *Smith &c.* vs. *Carney &c.,* 1 *Litt.* 297; *Dickey* vs. *Armstrong,* 1 *Marsh.* 39; *Allen et al* vs. *Beall's heir's,* 3 *Marsh.* 555; *Robertson* vs. *Smith's heir's, Litt. Sel. Cas.* 299; *Robert's heir's* vs. *Bridgway, Slid.* 394; *Milner* vs. *Davis, Slid.* 436; *Floyd's heir's* vs. *Johnson,* 2 *Litt.* 113; *South's heir's* vs. *Thomas' heir's,* 7 *Mon.* 61.

TRAPNALL & COCKE, for appellees:

The first error assigned is, that the " declaration does not show that the negro was a slave, or that he was the property of the plaintiffs."

The second count distinctly alledges the negro to be the property of the plaintiffs, but it is not necessary to alledge in so many words, that the negro was the property of the plaintiffs. They alledge they delived the negro to the defendant to be re-delivered, &c. They could have made no other allegation of property in them, if it had been a horse, or a bag of money, which was the subject of the suit. The declaration is a literal copy of the precedent in Chitty. There is no error in this assignment. If there were, it is cured by the statute of jeofails, and amendment. They could not have obtained the judgment without the proof of property.

It is assigned secondly for error that the court wrongfully overruled the defendant's demurrer, to the rejoinder of the plaintiffs. The de-

fendants withdrew their demurrer, and rejoined, and now cannot assign the judgment of the court upon the demurrer as error.

Third, that the court instructed the jury, that it was not necessary to prove the defendant was in possession at the institution of the suit. In this instruction there is certainly no error. See 2 *Starkie*, 494; 3 *Monroe*, 103; 1 *Wash.*, 308; 3 *Marsh.*, 278.

So he may prove judgment though the negro died before the demand. 2 *Starkie*, 474, note 2; *Martin's Rep.* 74.

The instructions are abstract; there is no evidence in the record, to which the instructions would apply.

The appellant assigns for error that the court overruled their motion to instruct the jury that the property belonged to the administration of the estate &c., until &c., This is all abstract, and had nothing to do with the case. The principle is correct in some respects, but there is no evidence in the record, and there was none in the case to which it could apply, and therefore was properly overruled by the court.— A party has no right to demand the opinion of the court upon abstract questions of law. 1 *Bibb*, 369; 4 *Bibb*, 100; 1 *Littell*, 232.

The jury were duly elected, empanneled, and sworn, as the record shows, in this certainly was no error. If there was, the verdict by twelve men cures it, under the stature of jeofails.

The verdict is explicitly given for the boy defendant sued for, and could not have been more certain.

The appellant assigns for error, that the court instructed that it was not necessary to prove that Polly Robbins, the guardian ad litem, or that *Alfred Edwards* the husband, one of the heirs, was under 21 years of age, five years before the institution of the suit.

The appellant pleaded the statute of limitations. The appellee replied that the plaintiffs were without the provisions and exceptions of the statute.

What was the proof in the case does not appear. Were any of the plaintiffs proven to be infants—is not shown. Did the proof show or conduce to show, that *Alfred Edwards* was under twenty-one years of age?

To this the record makes no response.

The law is, that the judgment of the court below is correct, until the contrary appears. 2 *Bibb*, 222; *Harper* vs. *Bell*, 4 *Monroe* 42; 1 *Bibb*, 3 *Marshall*, 322; 1 *Marshall*, vol., — 233; 2 *Marshall*, 197.

The heirs of W. Robbins were in fact the plaintiffs, and they alone were entitled to the exception in the statute of limitations.

w

LITTLE
ROCK,
Jan'y 1839
DANLEY
vs.
EDWARDS
& OTHERS,

The rights of an infant wife are certainly not barred by her marrying an old man. Here Edwards was only interested through his wife, and had no right to the negro, as he was a chose in action until reduced into possession.

It was only necessary to prove that the heirs of William Robbins were under 21 years of age within 5 years previous to the institution of the suit, and that the negro belonged to them, to entitle them to the judgment given. The court will presume this fact was proven.

LACY, JUDGE, delivered the opinion of the Court:

This is an action of detinue for the recovery of a slave. The plaintiffs in the court below claim title under their ancestor, William Robbins. The declaration contains two counts. The first count is founded on a supposed case of bailment, and the second upon possession of property in the plaintiffs, and conversion of it by the defendant. Upon the return of the writ, the defendant applied, and filed two pleas in bar of the action. The first was a plea of non-detinet, and the second plea of the Statute of limitations. An issue was taken by the plaintiffs upon the plea of non-detinet, and a replication put in to the plea of the Statute of limitations. The defendant demurred to the replication, and the demurrer was sustained. The plaintiffs then asked leave to plead over, which was granted; and they then filed an amended replication, to which there was a rejoinder, demurrer, and issue, and judgment entered up against the demurrer, and in favor of the joinder to the replication. Upon the issue thus formed the parties went to trial, and there was a verdict and judgment rendered for the plaintiffs, from which an appeal was prayed and taken by the defendant, and which he now prosecutes in this court. During the progress of the trial, the defendant filed several bills of exceptions to the opinion of the court below. In giving to the jury the instructions asked for by the plaintiffs, and in refusing to give them the instructions that were asked for on behalf of himself.—— These bills of exceptions are all regularly signed by the judge, and made part of the record. All the exceptions except two were given by the court upon mere abstract questions that were raised during the trial. The bills of exceptions do not contain, nor incorporate any part of the evidence, or testimony that was adduced upon the trial, this court is wholly unable to see the relevancy or applicability of the instructions given or refused. In this stage of the enquiry, it becomes

important to determine whose duty it was to incorporate such part or portions of the evidence as were essentially necessary to present the questions of law or testimony that were drawn in controversy by the proof or pleadings. In deciding this point, we necessarily dispose of all the questions raised by the assignment of errors. The science of correct, special pleading has heretofore been fully explained by this court, and it is deemed unnecessary at present to enter again upon that subject. In every legal enquiry, he who holds the affirmative of the proposition voluntarily takes upon himself the burden of proof, and he is bound to establish his proposition, or fail in his action. The party holding the affirmative must prove it; and this presumption arises not only by intendment and operation of law, but by the voluntary act and choice of the party himself. By applying these plain and obvious principles to the case now under consideration, we shall readily perceive whose duty it was to set out so much of the testimony or proof as would properly raise the question of law or evidence contained in the bill of exceptions. In *Whitside* vs. *Jackson* (1 *Wen.* 418) it is decided that the court cannot take notice of any matter that is not specially stated in the ground of the exceptions. And in *Jackson* vs. *Caldwell*, (1 *Crow.* 622,) it is held that a bill of exceptions does not draw the whole matter into examination, but only the the points upon which it was taken; and that the party excepting must lay his finger upon the points which arise either in admitting or refusing evidence, or in a matter of law arising from a fact not denied, in which he is overruled by the court. *Frier* vs. *Jackson, 8 John. Rep.* 495.

This is an action of detinue for the recovery of a slave mentioned in the declaration, and the writ lieth, saith my Lord Coke, where any man comes to the goods by delivery or finding. 2 *Co. Lit.* 286, b. The plaintiff shall recover the thing detained, and therefore it must be certain that it may be known. *Coke entries*, 170, b.; 10 *Rep.* 119, b.; *Glanville*, title 10, chapter 13; 3 *Black. Com.* 151. "In order to ground an action of detinue which consists in detaining, four things are necessary: First, that the defendant came into possession of the goods; second, that the plaintiff have property; third, that the goods themselves be of some value; Fourthly, that they be ascertained in point of identity." In detinue, the plaintiff must prove a general or special property in the goods, and a detainer by the defendant. *2d Starkie on Evidence*, 493. Under the plea of non-detinet the defendant may give in evidence any matter which shows he is not guilty of the de-

LITTLE<br>ROCK,<br>Jan'y 1839<br><br>DANLEY<br>vs.<br>EDWARDS<br>& OTHERS.

LITTLE
ROCK,
Jan'y 1839

DANLEY
vs:
EDWARDS
& OTHERS.
tainer. 1 *Salkeld*, 223. Actual possession by the plaintiff is not necessary to maintain detinue. *Tunstall* vs. *McClelland*, 1 *Bibb*, 186. To entitle the plaintiff a verdict proof of possession in the defendant, anterior to the bringing of the suit, is sufficient, unless he has been lawfully dispossessed; and that is, for him to show. *Burnly* vs. *Lambert*, 1st *Washington*, 308, Formerly, it was held that detinue did not lie, unless the defendant came lawfully into possession; but that opinion is now overruled, and the action can be maintined on a tortious taking. *Kettle* vs. *Brunson*, *Willes*, 120, the reason assigned is, if that was not the case, a party might be greatly injured, and have no adequate remedy; for in tresspass or trover damages alone can be recovered, and the thing detained may be of such a description that a judgment for damages would not be complete compensation, &c. *Jackson* vs. *Preston, Cameron & Norwood*, 464. In detinue the plaintiff may have judgment for damages and costs, even though the property be restored to him. So he may have judgment, though the slave for which the action is brought die after demand. 1st *Martin R*. 18; *Shippen* vs. *Hargrove*, 1 *Martin*, 74; *Carrel* vs. *Early*, 4 *Bibb*, 270.

This action was formerly very little used in England, because the defendant was permitted to wage his law; that is, to exculpate himself on oath, and thereby defeat the plaintiff of his remedy, which privilege was originally grounded on the confidence that the bailor reposed in the bailee, and the like, from which arose a strong presumption that the defendant was worthy of credit. 3 *Black. Com.* 152.— Since the Statute 3rd & 4th *William* IV, c. 42, sec. 13, abolishing wager of law in all cases, the section is now freqently adopted, and in very general use. 1 *Ch. Pl.* 140, 1, 2. It has already been observed that the declaration contains two counts: one upon bailment, and the other upon possession of propety by the plaintiffs, and a supposed conversion by the defendant; and the plea of non-detinent goes to the whole cause of action, and puts in issue the detainer of the property. The plea of the Statute of limitations goes to defeat the plaintiffs' right to recover, upon the ground that if the right of property, whether general or special, ever existed in the plaintiffs; that the remedy by which that right could be enforced is barred and cut off. And consequently, that they have no good cause of action now remaining.

To the plea of the Statute of limitations, the plaintiff put in his replication, which alleges " that their right of action is not barred by the Statute of limitations, because they fall within its express saving.

The defendant's plea of the Statute of limitations, is, "that the plaintiffs ought not to have or maintain their aforesaid action thereof against him; because he says the said several supposed causes of action, in the said declaration mentioned, did not, nor did either of them accrue to the said plaintiffs at any time, within five years next before the commencement of this suit, and this he is ready to verify, wherefore, &c. The replication to this plea asserts, " that the plaintiffs ought not to be precluded, because they say that, at the time the cause of action did accrue, all the plaintiffs were infants, and under the age of 21 years, and so continued infants as aforesaid up to the day of          in the year of          and within five next years before the institution of this suit; and this they are ready to verify wherefore, &c."—upon which replication there was an issue taken.

The declaration shows that the plaintiffs who brought the action, were *Alfred Edwards*, and Martha his wife, late Martha Robbins, John R. Robbins, and William Robbins, infants who sued by their next friend, Polly Robbins, all heirs and legal representatives of William Robbins, deceased. The replication avers that all these plaintiffs were infants, at the time, and under the age of 21 years, within five years next before the institution of this suit. The defendant denies this fact, and that is the issue to be tried by the jury.

The plaintiffs have taken upon themselves the burden of proof, and they are bound to prove that all the persons who sued were infants, when the cause of action accrued to them; and their right of action depends upon establishing that fact. It is true, that the plaintiffs might have put in a special replication, and have averred that Martha Edwards, late Martha Robbins, and the two other infants heirs of William Robbins, deceased, were under the age of 21 years, within five years next before the institution of this suit; and that *Alfred Edwards* claimed though the right of his wife. This they did not, however, choose to do. The replication asserts that all the plaintiffs were infants, and issue is taken on that fact; and of course the plaintiffs are bound to prove the allegations as laid. They hold the affirmative of the issue, and cannot be permitted to escape from the legal presumption that it imposes. What now was the instruction the court gave upon this point? On motion of the plaintiffs the court instructed the jury, that it was not necessary to prove that *Alfred Edwards* or Polly Robbins were infants within the age of 21 years, within five years next before the commencement of this suit.

LITTLE
ROCK,
Jan'y 1839.

DANLEY
vs.
EDWARDS
& OTHERS.

LITTLE
ROCK,
Jan'y 1859

DANLEY
vs:
EDWARDS.
& OTHERS.

The declaration avers that Polly Robbins sued as the next friend of John R. Robbins, and William Robbins, infant heirs and legal representatives of William Robbins, deceased, and of course she was a mere nominal plaintiff; but it does not show that *Alfred Edwards* sued in the right of his wife: it merely avers that Martha, his wife, was late Martha Robbins. Therefore, the instruction of the court, that it was not necessary to prove that Polly Robbins was an infant under the age of 21 years, was correct; because the declaration shows in what capacity she sued, and her infancy was not put in issue by the replication; neither was it necessary to put in issue the infancy of *Alfred Edwards*, but the replication has expressly done so; and consequently the plaintiffs had no right to recover unless *Alfred Edwards*, together with the other infant heirs was saved by the exception in the Statute. The court, however, expressly say, that it was not necessary to prove the infancy of all the plaintiffs; whereas, that was the express point in issue, as averred in the replication; and therefore the instruction upon the point was evidently erroneous. The right of the plaintiffs to recover depended upon the fact of the infancy of all of them, and this they voluntarily assumed to prove. The instruction of the court directly contradicts the facts asserted in the replication, and releases the plaintiffs from the affirmative issue, which they held, and were bound to establish. If it was not necessary to prove the infancy of all of them, then why prove the infancy of any one of them? For if it was not necessary to prove that *Alfred Edwards* was an infant, neither was it necessary to prove that Martha Edwards, late Martha Robbins, or that John R. Robbins, or William Robbins, were infants; consequently, the defendant's plea of the Statute of limitations did not form a valid bar to the plaintiffs' right of action.

The Statute of limitations is a good plea, and if the plaintiffs' cause of action comes within the operation, the remedy by which that right can be enforced is forever destroyed and extinguished.

It necessarily follows, from these positions, that the opinion of the Circuit Court was manifestly erroneous in refusing, first, to give the instruction asked for by the defendant, which was, that to entitle the plaintiffs to recover, it was necessary to prove that they were all infants, and the opinion was equally erroneous in giving the instructions applied for by the plaintiffs, that it was not necessary to prove that *Alfred Edwards* was under the age of 21 years, within five years next before the institution of this suit.

As the decision of this point disposes of the whole case, the court does not deem it necessary to examine the other questions raised upon the assignment of errors. They would barely remark that all the other instructions, either given or refused, are mere abstract propositions, and, whether wright or wrong, could have had no effect upon the verdict, so far as the record shows. There is no proof embodied in the bills of exceptions taken by the defendant, and consequently the judgment of the court below upon these points must be presumed to be in accordance with the testimony adduced upon the trial; for the rule is that every thing is to be taken in support of the verdict, and judgment of the court below; and nothing is to be presumed against its legality, except what affirmatively appears upon the record, or which the court above is bound judicially to take notice of. It is because the pleading affirmatively shows that the opinion of the court below was erroneous upon the issue made up by the parties, that it is now declared to be erroneous.

The judgment of the court below must therefore be reversed with costs, the cause remanded to be proceeded in agreeably to the opinion here delivered; and that the parties respectively, if they shall ask leave so to do, be permitted to amend their pleading.