Oldham, J., delivered the opinion' of the court'. After the close of the testimony upon the trial of this cause, the defendant below asked the court to instruct the jury, “that the uninterrupted possession of a slave for the space of five years gives the possessor the right, of property, unless there is some note, memorandum or instrument of writing acknowledged and recorded, showing the property to be in another, other than the possessor;” which instruction the court refused to give and the defendant excepted. Upon the motion of the plaintiffs below the court instructed the jury, “that the uninterrupted adverse possession of slaves, o'r holding possession of Ihem as his own property for the space of five years, gives the possessor the right of property, unless there is some note, memorandum or instrument of writing acknowledged and recorded, showing the property to be in another, other than the possessor.” To the giving of which instruction the defendant also excepted, and has brought the case into this court by writ of error for review. It is specially assigned for error, by the plaintiff in error, that the circuit court overruled the motion for a new trial, but upon inspection of the transcript of the record, it no where appears that any motion was made for a new trial. The idstruction asked by the bank, was properly refused by the court. It was incorrect in point of law, and not applicable to the case before the court in point of fact. By the 65th chap. 5th sec. Rev. Stat. it is enacted, that, “where any goods or chattels or slaves shall be pretended to have been loaned to any person with whom, or those, claiming under him, possession shall have remained for the space of five years without demand made and pur-sued by due process of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of any use of property, or by way of condition, reservation or. remainder in another, the same shall be taken, as to all creditors and purchasers of the persons so remaining in. possession, to be void, and that the absolute property is with, the possession, unless such loan, reservation or limitation of the use of property were declared by will or deed in writing, proved or acknowledged, and recorded as required by this act” There is no proof, nor is it pretended that it was the case, that the negro in controversy was loaned to Me Carty by the plaintiffs below, or that any reservation or limitation was' pretended to have been made by way of condition. Therefore, if the instruction had been asked in the language of the statute, it would have raised an abstract question of law, inapplicable to the facts before the jury, and was for that reason properly refused. Danly vs. Edwards, 1 Ark. 437. Robins vs. Fowler, 2 Ark. 183. But the language of. the instruction asked was entirely too comprehensive. It asserts that uninterrupted possession for five years gives the right of property, unless there is some note,., memorandum or instrument of writing acknowledged and recorded, showing the property to be iu another, other than the possessor. But by the statute such possession conveys the light of property only in cases of pretended loans, and in cases where “any reservation or limitation shall be pretended to have been made of any use of property, by way of condition, reservation or remainder in another,” unless such loan, re 'ervation, or limitation is declared as provided in the act, and then only in favor of creditors or purchasers. The instruction a iked by the plain tills beiow, like that asked for on the part of the bank, was evidently ba 'ed upon the séction of the Revised Statutes above quoted, and is abo more comprehensive than the statute itself. The statute, as above stated, confers the absolute right of property by five years uninterrupted possession, only in favor of creditors and purchasers, and not to the possessor generally; and not in favor of creditors and purcha -eru, if there is some note, memorandum or instrument of writing acknowledged and recorded, showing the property to be in another, other than the possessor. This instruction, like the ode asked by the bank, presented- a mere abstract question of law; as there was no evidence establishing or tending to establish such a state of case as is contemplated by the section of the Revised Statutes upon which the instruction was based. The instruction, however, could have no effect upon the jury in the determination of their verdict; and if it did, it was certainly in favor of the bank, and she should not therefore complain. It does not afford a sufficient rea- on for disturbing a verdict and judgment fully warranted by the tedimony. The remaining question raised by. the argument, that the plaintiffs below did not show a right of possession,' because it did not appear that the debts of the testator were all discharged, i ¡ equally unavailing. The legacy was specific and, no time of pa\ ment being fixed, was due at the end of a year from the te stator’s death, Heagle vs. Gumbank, 3 Atk. 716, but in that case the executor might have resisted payment by showing that there wa; not a sufficiency of assets in his hands for the discharge of the liability¡ of the estate, without resorting to the specific legacies conim a.' in the will for contribution. More than-fourteen years had ;',¿;.sod between the probate of the will and the bringing of this suit: the time had long since passed’for the final, settlement of the business of the estate by the executor, and the close of his authority as executor- Under these circumstances the legal presumption is, that thé debts due from the estate were all paid, and the affairs of the estate finally settled and adjusted. Judgment affirmed.