BARKSDALE, Appellant, v. APPLEBERRY, Respondent.

1. Where, in a suit under article 8 of the practice act of 1849 (Sess. Acts, 1849, p. 82) for the possession of a slave, it appeared from the finding of the facts by the court, that the slave belonged to plaintiff, was in the possession of defendant, and had escaped therefrom after the commencement of the suit, but it did not appear whether the possession of defendant was wrongful or rightful; *held,* that the finding was defective, and that a judgment for defendant was erroneous.

*Appeal from St. François Circuit Court.*

*Perryman*, for appellant.
*Frissell*, for appellant.

RYLAND, Judge, delivered the opinion of the court.

This is a suit in the nature of an action of detinue for recovery of a slave. The plaintiff alleges that she was the owner of the slave; that defendant got possession of him, and refused to deliver him to her, and that he wrongfully detains him to her damage, and prays for delivery of the slave or the value. An order for delivery was made. The sheriff returned that he could not find him.

The defendant filed his answer, denying the title of plaintiff to the slave, and denying her possession. He says the slave belonged to his father's estate, and that the slave was in possession of Elizabeth Appleberry, the mother of plaintiff, and of defendant, as dower property of her husband's estate in the state of Virginia; that when their mother moved to this state, she left the slave with the plaintiff in Virginia, as a loan and in trust for the parties interested, and not as plaintiff's property; that said slave ran away towards the latter part of the year 1850, and was taken up as a runaway in Mason county, Virginia, and put into jail, where he was kept for several months; that defendant went to Virginia and took him out of jail, and brought him with him to this state, having paid the reward, fees and expenses, and that he ran away from him here without defendant's fault, and with much trouble he has not been able to retake him or even to hear of him.

There was a trial by the court without a jury. The court found the facts as follows: "That at and before the institution of this suit, defendant had possession of the negro boy in controversy, which is shown to have been, at the time, the property of the plaintiff; that on the 18th day of August, 1851, plaintiff filed her petition in this cause, and sued out a writ in

the nature of a writ of replevin in this cause, and the attorney of plaintiff, and Elisha Arnold, sheriff of St. François county, in company proceeded to the house of defendant; that they found him at Perry's Mines, a short distance from Appleberry's house, perhaps three or four hundred yards from the mines. The sheriff told him, his object in coming to see him was to take possession of the negro boy, and requested him to deliver him up.   He hesitated at first, and expressed a desire to see a lawyer, and obtain advice before doing so, but finally consented, on the advice of a friend, to give bond for his forthcoming as required by law ; and, upon going with a friend to his house, before giving the bond, to look after the boy, he (the boy) could not be found, but had made his escape, perhaps, into Illinois, and has never since been seen or heard of, although defendant has made much effort to get possession of him.   The court finds that the boy escaped without the fault or connivance of defendant.   The boy was of the value of $800.   Upon the above state of facts, the court declares the law to be as follows : That the possession, by the defendant, of the boy not being wrongful, but, as far as there was any evidence to the contrary, being rightful, he is only responsible for neglect in keeping the boy, or for conniving at his escape ; and there being no evidence of such connivance or·neglect, no liability attaches to him for the escape of the boy, and plaintiff can not recover his value or any other sum on that account."

From this finding it will be seen that the property is found to belong to plaintiff, and was found to be in defendant's possession ; but, whether there wrongfully or rightly, is not found as a fact by the court.   When the court commences to declare the law upon the facts found, the statement " that the possession by defendant of the boy not being wrongful, but, as far as there is any evidence to the contrary, being a rightful possession," is neither a proper finding of fact, nor a declaration of law.   The court should have found explicitly whether defendant's possession was rightful or wrongful possession, and not say, " as far as there was any evidence to the contrary, a rightful possession."   It was

either one or the other, and the court should have found which. The liability of defendant in this case, and the extent of such liability, depends upon the fact of defendant's possession being wrongful or being rightful; therefore it was a most material and important fact to be found, and not being found, this judgment must be reversed.

If the party unlawfully took possession of plaintiff's slave under ordinary circumstances he would be responsible for the slave. And, admitting the matter set up in the answer as to the running away of the slave, may be treated as a plea of *puis darrien continuance*, yet it can not constitute, it would seem, a bar to the whole action, but at most only a defence to a recovery of the slave or his value, leaving undefended the right for damages on account of detention down to the running away. Indeed, the better opinion seems to be that, if the defendant unlawfully took possession of the slave, he must answer for him notwithstanding his escape. In Carrel v. Early, (4 Bibb, 270,) one of the propositions was, that the slave in question having died, without the fault of defendant, after the commencement of the suit, (detinue,) plaintiff's right to recover was thereby defeated. Chief Justice Boyle said that " this proposition at first view presented considerable doubt; but, upon further reflection, we are of opinion it can not be maintained. Were the recovery of the specific thing the absolute and sole object of the action of detinue, the destruction or annihilation of the thing would necessarily defeat the action ; but as the object of the action is to recover the thing only upon condition that it can be had, and if not, then its alternate value, it results that the action can not be defeated by the destruction of the thing, unless it was under circumstances that would excuse defendant from being responsible. He who wrongfully detains the property of another, does it at his own peril, and will be responsible to the proprietor though the property should be destroyed by accident or taken from him by violence. Thus it is held that all bailees are responsible for losses by casualty or violence after their refusal to return the thing bailed on a lawful demand." (Jones' Law of Bailments, 94.)

In Caldwell v. Fenwick, (2 Dana, 332,) it was held that "detinue can not be maintained where the thing sued for has ceased to exist when suit was brought, as for a slave after his death, though it may be maintained when defendant has parted with the possession of the chattel sued for, or where it was in being when the action was instituted, but perished afterwards." See Gentry v. Burnett, (6 Monroe, 115,) where it is said to be very problematical whether the party can plead, pending the action of replevin, the death of the slave *puis darrien continuance*. In Austin's Executors v. Jones, (1 Gilmore, 341, in detinue,) the jury having found for plaintiff the slave mentioned, &c., but that she having died since suit was brought, the court nevertheless gave judgment for the slave or for her value, the death not being put in issue by the plea *puis darrien continuance*. In Harle v. Hill et al., (13 Mo. 612,) it was said by this court that, as a dead slave was of no value, plaintiff in detinue should recover for use and hire, as the measure of damages up to the time of death; admitting, however, that the right to recover for the slave (unless a special plea of death since the last continuance be pleaded and found for defendant) is supported by the weight of authority.

I have thus mentioned the authorities on the subject because upon a trial anew the point may become very important. Judgment below is reversed; the other judges concurring. Cause remanded.