No. 6541.

THE STATE vs. JUDGE SPENCER.

Dying declarations made by a deceased person under a sense of immediate and impending death are admissible in evidence.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. Hough, J.

H. N. Ogden, Attorney General, for the State.

Griffith & Brown for defendant.

The opinion of the court was delivered by

SPENCER, J. The defendant was convicted of murder without capital punishment.

The sole question presented is as to the admissibility of the dying declarations of the deceased. The bill of exceptions discloses that the deceased was shot about nine o'clock at night. The witness details the facts as follows:

"As the shot was fired, the deceased fell and cried out, 'Oh Lord! I am shot!' Being asked where, he replied, 'In the stomach.' His bowels were protruding from his abdomen, he was too weak to help himself, and his wife and witness took hold of him and put him to bed. He asked witness to pour water on his wound, which witness did. After he had been placed in bed and after he had asked witness to pour water on his wounds, he said the accused, Judge Spencer, had shot him. *Immediately after saying this*, witness said to him, 'Gilbert you had better pray.' He told witness to pray for him; and *immediately* afterward he called his children around his bedside and bade them good-bye, and said to his wife take care of the children as best she could. He then became speechless and died at five minutes past twelve o'clock."

State vs. Spencer.

Dying declarations are admissible only when it appears that they were made under a sense of immediate and impending death. The actions and declarations of the deceased must manifest his consciousness of and belief in speedy dissolution. Greenleaf, vol. 1, sec. 158. Archbold, vol. 1, p. 140.

We think the condition of the deceased at the time of and his actions and declarations accompanying and *immediately following* his statement that the defendant had shot him bring this case within the rule, and that the judge *a quo* did not err in admitting them as declarations made in the presence and with a full sense of impending death.

The judgment appealed from is affirmed.