## No. 1285.

### THE STATE OF LOUISIANA vs. THOMAS J. NEWHOUSE.

The true test of the admissibility in evidence of a dying declaration is the belief in the mind of the party making it that he would soon die.

It is not necessary to prove expressions implying apprehension of immediate danger if it be clear that the party does not expect to survive the injury, which may be collected from the general circumstances of his condition, as when a party suffering from a mortal wound expresses his desire to make his dying declaration, stating that he felt that he was going to die, and that his time was very short, and dies a few hours after making the declaration.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker, J.*

*M. J. Cunningham*, Attorney General, and *A. D. Henriquez*, Assistant District Attorney, for the State, Appellee:

1. A dying declaration made under a sense of impending dissolution is admissible in evidence. 30 Ann. 362; 31 Ann. 95; 32 Ann. 1086; 36 Ann. 920, State vs. Moliss; 38 Ann. 660, State vs. Keenan; 1 Glf. sec. 158; Wharton, Cr. Ev. § 281.

2. There is no law making it necessary for the dying man to say that he will immediately die, as a condition precedent to the validity of his declarations as evidence; it is sufficient if such belief is established by his actions and the surrounding circumstances. 1 Greenleaf, sec. 158; Wharton, Cr. Ev., § 282, 284; State vs. Keenan, 38 Ann. 662.

State vs. Newhouse.

3. The admissibility of the dying declaration, as evidence, is for the judge. When the circumstances under which the declarations were made are shown to the trial judge, it is his province to determine whether they are admissible. 1 Glf., § 160; Wharton, Cr. Ev., 297; Poscoe Cr. Er., Sixth Ed., p. 34.

4. The Supreme Court cannot review questions of fact; a question of law necessarily based upon certain facts will not be reviewed unless the eviden3e is properly presented. State vs. Ewen, 32 Ann., 782; State vs. Nelson, 32 Ann., 842; State vs. Miller, 36 Ann., 158; State vs. Backarow, 38 Ann.,·317.

*James C. Walker* for Defendant and Appellant.

It is the impression of almost immediate dissolution and not the rapid succession of death in point of fact that renders the testimony admissible. Therefore, where it appears that the deceased, at the time of the declaration, had any expectation or hope of recovery, however slight it may have been, and though death actually ensued in an hour afterwards, the declaration is inadmissible. 1 Greenleaf, Ev. 158.

On the other hand, a belief that he will not recover, is not in itself sufficient, unless th re be also the prospect of "almost immediate dissolution." 1 Greenleaf, Ev. 158.

Says Lord Chief Baron Eyre, Ibid, 156, "they are declarations made in extremity, when the party is at the point of death, and when every *hope* of this world is gone."

They are relevant only when the declarant is shown to the satisfaction of the judge to have been in actual danger of death, and to have given up all hope of recovery at the time when his declaration was made. Stephen's Dig. of Ev., art 26.

"A wishes to prove a dying declaration by B. Then A must prove B's death, and the fact that he had given up *all hope* of life when he made the statement." Stephen's Dig of Ev., 119.

"It must be first proved that the deceased was conscious of his impending dissolution, and had given up all hope of recovery." Garde on Ev., 43.

"Are admissible only when it appears that they were made under a sense of immediate and impending death." State vs. Spence; 30 Ann., 362.

"To render them admissible, the dying declarations must have been made while the deceased was under the settled conviction that he was about to die." Circuit Ct. D. C., 1834, U, S. vs. Woods, 4 Cranch., C. Ct., 484; U. S. vs. Veitch Id, 115. vol. 1.

The opinion of the court was delivered by

POCHÉ, J. The complaint of the defendant, who has been convicted of manslaughter under a charge of murder, is that the trial judge erroneously admitted in evidence a statement of the deceased as his dying declaration. His contention is that the evidence introduced by the State as the test of the character of the declaration, was not sufficient to prove that the deceased was under the consciousness of an approaching death when he made it.

The record shows that the statement was made under the following circumstances: The deceased was in the Charity Hospital in New Orleans, under treatment for the wounds from which he subsequently died, when, at his request, a magistrate took down in writing the statement in question as his *dying declaration,* so designated by himself. Before making his declaration, the deceased said in connection therewith that "his time was very short," and at the conclusion thereof

he made the statement that he felt he was going to die, and he died but a few hours later.

The mere recital of the foregoing facts and incidents is sufficient to bring the case within the scope of the familiar rule of law which regulates the admission of that kind of evidence, and to fully justify the ruling of the District Judge in the premises. No authority can be successfully invoked to support the contention of counsel for the defendant that the only test of the admissibility of such declarations is evidence that the party making the same had stated in terms that he felt an immediately impending dissolution, or other impressions to that effect.

The true test is evidence showing to the satisfaction of the legal mind that the party making the declaration believed at the time that he was soon to die. The existence of such a consciousness in the mind of the declarant may be shown as effectively by his acts and the circumstances which surround him as by expressions or impressions which he may utter.

The rule has been variously formulated, but its uniformity is clearly traced in a strong array of concurrent judicial authorities.

In the case of Morlisse, 36 Ann. 921, this court said: "The test of the admissibility of a dying declaration is in the belief of the deceased that death is fast approaching (State vs. Trivas, 32 Ann. 1088), and that his mind and his heart are under the influence of that belief at the time that he makes the declaration."

In State vs. Keenan, 38 Ann. 662, this Court held "Dying declarations are those made under a consciousness of impending death, which, however, the declarant need not express in direct terms. His bodily condition and appearance, his conduct and language, as well as statements made to him by his attendants, may be considered and his con-sciousness therein inferred."

A similar rule has been culled by Wharton from numerous adjudications of English and American courts; he says: "But it is not necessary to prove expressions implying apprehensions of immediate danger, if it be clear that the party does not expect to survive the injury, which may be collected from the general circumstances of his condition, as when the party was a member of the Roman Catholic Church, and had confessed, been absolved, and received extreme unction before making the declaration." Wharton's Criminal Evidence, sec. 282.

A construction of the rule which would tend to require as a test of the admissibility of a dying declaration that it should have been made while the party was in the very agony of death would effectively

Bank vs. Cason.

defeat the very object of the law in sanctioning the introduction of that kind of evidence.

The circumstances exhibited by the record of this case show to our satisfaction that when the deceased made his declaration he believed that he would soon die and never recover from the injury which he had received in the conflict which he therein depicted, and hence we conclude that his statement was in truth and in fact a dying declaration, legally admissible in evidence as such, and that therefore the trial judge committed no error in the premises.

Judgment affirmed.