Statement of the Case.
NICHOLLS, C. J.
The defendant, indict•ed by the grand jury of the parish of Sabine for the murder of Dr. J. D. Litton, was convicted of manslaughter, and sentenced to five years’ imprisonment in the penitentiary. An .appeal for a continuance was refused, as was .also an application for a new trial. No bills of exceptions were taken to the rulings of the court on these subjects.
Bill of exception No. 2 was taken to the refusal of the court to allow defendant to show by the witness Laney Self that some time—a month or two—before the shooting the deceased made a declaration to him to the effect that he had had frequently and habitually sexual intercourse with defendant's wife, and invited him to participate with him, whereupon witness advised him to quit, and warned him of the danger; this •admission of deceased being offered to rebut the dying declaration to the effect that, when ¡shot in the woods in company with defendant’s wife, he was simply buying whisky from her, and to corroborate, in a degree, the statement of the defendant, Brown, that he (the deceased) was having sexual intercourse with his wife, instead of buying whisky from her. The court held the testimony inadmissible, as it was not shown that the information was ever communicated to defendant, and was offered to show extenuation, but his plea was self-defense.
Bill No. 1 recites that, the state having failed to lay the proper basis for impeaching or contradicting the defendant, Brown, by the witness Cranford, the court ruled that the state had a legal right to recall the defendant to the witness stand for the purpose of laying such a basis, to which ruling defendant excepted for the reason that such a practice was illegal and irregular, especially in the case at bar, where the party sought to be contradicted was the defendant himself, and not an ordinary witness.
The court stated in the addendum to the bill that it was not shown that the information was ever communicated to the defendant, and was offered to show extenuation, but his plea was self-defense.
The third bill recites that, the state offering to prove by Dr. J. B. Parrott an alleged dying declaration of deceased, defendant objected for the reason that no sufficient basis had been laid for the introduction of said testimony, the witness having stated that deceased - lived more than 24 hours after making said declaration, and while, according to said witness, he was well-nigh desanguinated, and, in the opinion of the witness, in a well-nigh hopeless condition, which opinion was communicated to deceased, yet deceased, himself a physician, insisted on the amputation of his arm, stating that an injection of strychnine would strengthen him; that he thought he could stand the operation, and, on the whole, expressed hope of life and recovery.
The court overruled the objection, and admitted said declaration, under all of the facts adduced, declaring the declaration was under impending death. The main artery was severed, and, while the party rallied somewhat after his arm was amputated, he was so debilitated at the time of the amputation that there was not a tablespoonful of blood coming from the amputation. The court said: “Taking the entire evidence on the question of the dying declaration, it was, to my mind, clearly admissible.”
Opinion.
Defendant evidently seeks to eke out the recitals of his bills of exception through those contained in his application for a new trial. That is not the proper practice. We have, none the les,s, however, read his application.
*699 It appears from it that the purpose of the. testimony of Self was to confirm the statement of defendant (in his testimony, we presume) as to finding defendant and his wife in improper relations, and as furnishing a' sufficient motive for the alleged attack by deceased upon defendant on the occasion of defendant’s shooting him.
It would appear that defendant claims that he was compelled to go upon the stand and be subjected to cross-examination by the district attorney to lay a foundation for contradiction of his testimony by reason of certain statements claimed to have been made to him by one T. J. Cranford; that this course was irregular, illegal, and unjust to defendant, as it debarred him from introducing evidence that he might have introduced in regular order if the examination had been regularly conducted.
Defendant has not placed matters before us in such condition as to enable us to pass upon the correctness of the ruling of the district court in allowing the dying declaration of the deceased to be introduced in evidence. The district judge states that his action was based upon the entire evidence taken on that question, and it is not pretended that the whole of that testimony is to be found in the record. We have to assume that the judge’s ruling was correct. Underwood on Criminal Evidence, p. 138. The mere fact that the party making the declaration lived for some time after having made it does not withdraw from it its original character as a dying declaration. Underwood on Criminal Evidence, p. 133.
No error was committed by the court in refusing to allow the statements claimed to have been made by the deceased to the witness Laney Self to be testified to by him. If, as the court declares, those declarations were never made known to the accused, they could have had no influence whatever upon his action in killing Litton.
Appellant urges that the object of the testimony was to corroborate a statement which he declares he had made in his own testimony that Litton, on being discovered, had at once attacked him, and he in self-defense had shot him. It is difficult to see how proof of admissions of Litton made two months before the homicide could have any legal tendency towards confirming defendant’s account of what took place at the moment of the killing.
Appellant further urges that the testimony rejected would have tended to show that Litton had a motive for attacking him, as he (appellant) had stated. There is no pretense that Litton had been told that these admissions had reached Brown, and therefore he had reason to anticipate that defendant, by reason of his knowledge of the prior relations with his wife, would be likely to attack him on sight.
• If, as defendant maintains, he discovered the deceased in the act of sexual intercourse with his wife, there was no reason for going further back for a motive in the deceased for attacking accused than knowledge by him of that very fact itself.
Defendant’s claim that the judgment should be reversed for the reason that the court had permitted the district attorney to recall him as a witness after the defense had closed, and that the state had no right to place the accused himself upon the stand for any purpose, is not well grounded.
Defendant was not placed originally upon the stand by the state. He had waived the constitutional protection in his favor, and become his own witness voluntarily. Under such circumstances, he could be examined, cross-examined, corroborated, impeached, or recalled, as any other witness.
The trial judge may permit a witness to be recalled in order to be re-examined by the party recalling him. As a matter of discretion, this is not reviewable by the appellate court unless resulting prejudice should clearly appear. It is not unusual for the trial court to allow a witness to be recalled to lay a foundation for his impeachment. Railroad Co. v. Vance (Ala.) 9 South. 574; Huff v. Latimer (S. C.) 11 S. E. 758; State v. Marler, 2 Ala. 43, 36 Am. Dec. 398; Bell v. State, 74 Ala. 420; Richmond & Danville R. Co. v. Vance, 93 Ala. 144, 9 South. 574, 30 Am. St. Rep. 41; Treadway v. State, 1 Tex. App. 668; Harvey v. State, 37 Tex. 365; Fuller v. State, 30 Tex. App. 559, 17 S. W. 1108; State of Missouri v. Jones, 23 Mo. 391; Ency. of Pl. & Pr., vol. 8, p. 129, note 5, p. 130, note 2; State v. Walsh, 44 La. Ann. 1122, 11 South. 811; State v. Favre, 51 La. Ann. 437, 25 South. 93.
The fact that the witness recalled is the *701 accused himself does not change the legal situation. State of Kansas v. Horne, 9 Kan. 119; 1 Greenleaf, Ev. 447.
We find no ground for the reversal of the judgment appealed from. It is hereby affirmed.